[No. C028422. Third Dist. July 13, 1998.]

In re JEREMY G., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Appellant, v.
JEREMY G., Defendant and Respondent.

## COUNSEL

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, J. Robert Jibson and Anthony L. Dicce, Deputy Attorneys General, for Plaintiff and Appellant.

Sung Bae Park for Defendant and Respondent.

## OPINION

**NICHOLSON, J.**—On October 16, 1997, the minor was arraigned on an amended petition (Welf. & Inst. Code, § 602) charging him with several criminal offenses. Pending the jurisdictional hearing, he was released that same day and placed on electronic home monitoring. He was directed not to have any weapons.

On October 22, a second petition (Welf. & Inst. Code, § 602) was filed charging him with sale or transportation of marijuana (Health & Saf. Code,

§ 11359—count I), two counts of possession of a sawed-off shotgun (Pen. Code, § 12020, subd. (a)—counts II, III), two counts of unlawful possession of a pistol (Pen. Code, § 12101, subd. (a)(1)—counts IV, V), unlawful possession of ammunition (Pen. Code, § 12101, subd. (b)(1)—count VI), and possession of drug paraphernalia (Health & Saf. Code, § 11364—count VII). These charges arose out of a search of the minor's residence on October 17.

The minor successfully moved to suppress evidence (Welf. & Inst. Code, § 700.1) relating to the October 22 petition, and the petition was dismissed.[1] The People's petition for a rehearing was denied and they appeal.

## FACTS

Detective Robert Butterfield testified that on October 17 he received information from a confidential informant that a male Mexican juvenile wearing a home detention bracelet on his ankle was selling marijuana from an apartment at a specified address. Butterfield went to the apartment and knocked on the door. A young girl responded and Butterfield asked if there was an adult present.

The minor, whom Butterfield described as a Mexican male juvenile wearing a detention bracelet on his ankle, came to the door with his mother. Butterfield asked the minor if he was "searchable." The minor responded, "Yes. For weapons." Butterfield told the minor to have a seat with his mother and the girl and that they were going to conduct a search of the residence for weapons. A search of the residence disclosed the contraband that formed the basis for the charges contained in the petition filed October 22.

It was stipulated the minor was not under a search condition.

## DISCUSSION

The juvenile court accepted as true Officer Butterfield's testimony that when he asked the minor if he was "searchable" the minor responded, "Yes. For weapons." The juvenile court granted the minor's suppression motion because the minor was not in fact under a search condition.

The People contend the juvenile court erred in granting the minor's suppression motion, arguing the search is supported by the good faith

---

[1]The minor thereafter admitted two counts of the remaining petition and was placed on probation.

exception to the exclusionary rule set forth in *United States* v. *Leon* (1984) 468 U.S. 897 [104 S.Ct. 3405, 82 L.Ed.2d 677], and *Illinois* v. *Krull* (1987) 480 U.S. 340 [107 S.Ct. 1160, 94 L.Ed.2d 364]. The minor argues to the contrary.

Neither *Leon* nor *Krull* is on point. In each of those cases the searches were based upon prior improper acts attributable to the government. In *Leon* the prior improper act was the issuance of a search warrant, by a magistrate, which was subsequently declared invalid; in *Krull* the prior improper act was the passage of an administrative statute, later declared unconstitutional, authorizing a warrantless search. In each case, the court refused to apply the exclusionary rule because in such circumstances the officers reasonably believed they had a right to search, and excluding the evidence would not further the purpose of the exclusionary rule of deterring Fourth Amendment violations by the police. (*United States* v. *Leon, supra,* 468 U.S. at pp. 903-906 [104 S.Ct. at pp. 3410-3412]; *Illinois* v. *Krull, supra,* 480 U.S. at p. 349 [107 S.Ct. at pp. 1166-1167].)

This case is not so sophisticated. There was no prior improper act by the government which led to the search. No government official told Officer Butterfield that the minor was subject to search for weapons. That information came directly from the minor. The fact the minor was in error is immaterial. The question here is not whether the minor had a searchable condition attached to his release; rather the question is whether Officer Butterfield was reasonable in relying on the minor's statement that he had such a condition.

Officer Butterfield's reliance on the minor's statement that he was searchable for weapons was reasonable. The minor was 16 years old, and nothing in the record shows he exhibited signs of immaturity or lack of normal intelligence. Given this state of the record, Officer Butterfield could reasonably believe the minor was aware of his legal circumstances and would not make a statement against his interest unless it was true. Indeed, it has long been recognized that statements made against one's interests, for that very fact, are reliable. (See Evid. Code, § 1230—declaration against interest constitutes exception to the hearsay rule.) Since Detective Butterfield was reasonable in relying on the minor's statement, and therefore was entitled to conduct the search, the juvenile court erred in granting the suppression motion.

The juvenile court's order granting the minor's suppression motion is reversed. The petition of October 22, 1997, is ordered reinstated and the matter is remanded to the juvenile court for further proceedings.

Puglia, P. J., and Raye, J., concurred.

A petition for a rehearing was denied August 6, 1998, and respondent's petition for review by the Supreme Court was denied October 28, 1998.